**No. 58111.**—N. I. Malmstrom & Co. *v.* United States, protest 181866–K (New York).

MOLLISON, Judge: Two entries are covered by this protest. On the invoice covered by entry 806924, the merchandise is described as "Hartolan Wool Wax Alcohols," and on the invoice covered by entry 797717, the merchandise is described as "Wool Wax." The protest is directed against the assessment of tax or duty at the rate of 3 cents per pound under the provisions of section 2491 (c) of the Internal Revenue Code on "so called wool wax or wool wax alcohol," claiming the same to be properly dutiable or taxable at only 2 cents per pound under said section 2491 (c), as modified by the General Agreement on Tariffs and Trade, reported in T. D. 51802.

Section 2491 (c), *supra*, imposes a tax or duty upon articles, merchandise, or combinations, 10 per centum or more of the quantity by weight of which consists of, or is derived from, among other things, the products specified in subsection (a) of the said section. The rate of tax or duty imposed under said subsection (c) is calculated upon the basis of the rate of tax or duty imposed upon the product or products from which the article, merchandise, or combination imported is derived.

Subsection (a) covers, among other things, inedible animal greases, and, in the General Agreement on Tariffs and Trade, *supra*, specific provision was made for wool grease (1) containing more than 2 per centum of free fatty acids, (2) containing 2 per centum or less of free fatty acids and not suitable for medicinal use, and (3) wool grease suitable for medicinal use. (1) and (2) are taxable at 2 cents per pound; (3) is taxable at 3 cents per pound. The assessment of tax or duty herein was obviously based upon the ground that the imported merchandise was derived from the third type of wool grease, namely, wool grease suitable for medicinal use.

The only evidence offered in the case is in the form of a deposition taken under a commission issued out of this court. The deposition, which was received in evidence without objection as plaintiff's exhibit 1, is that of Cyril O. M. Steward, who identified himself as executive director in charge of technical research and development of the firm which produced the "Hartolan Wool Wax Alcohols" covered by entry 806924.

Mr. Steward's qualifications and his familiarity with the production of the said Hartolan wool wax alcohols, as shown by his deposition, are ample to support a finding that the wool grease from which the Hartolan wool wax alcohols were produced was not suitable for medicinal use for the reasons that the free fatty acid content was too high and that the said wool grease contained possible traces of free sulphuric acid.

As has been noted, the evidence offered by the plaintiff related to the merchandise the subject of entry 806924. No evidence was offered with respect to the merchandise described as "Wool Wax" on entry 797717, and there is nothing

to show that the evidence with respect to the Hartolan wool wax alcohols is applicable thereto.

On the record presented, the protest claim for tax or duty at the rate of 2 cents per pound under the provisions of section 2491 (c) of the Internal Revenue Code is sustained only as to the merchandise described on the invoice covered by entry 806924 as "Hartolan Wool Wax Alcohols." In all other respects and as to all other merchandise, the protest is overruled.

Judgment will issue accordingly.